**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3253-21

STATE OF NEW JERSEY,

    Plaintiff- Respondent,

v.

WILSON A. PINOS RIVERA,

    Defendant-Appellant.

_____

Submitted November 27, 2023 – Decided March 4, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Mercer County, Law Division, Indictment No. 07-07-0088.

Carusso Smith Picini, PC, attorneys for appellant (Annette Verdesco, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Leslie-Ann Marshall Justus, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Wilson A. Pinos Rivera appeals from the May 26, 2022 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

I.

We discern these facts and the procedural history from the motion record. Defendant was born in Ecuador and emigrated to the United States in 2005. He lived with his mother, Rosa Victoria Rivera, in Belleville.

In a grand jury indictment, defendant was charged with one count of first-degree conspiracy to commit money laundering and theft by deception, N.J.S.A. 2C:21-25(b)(2)(a), N.J.S.A. 2C:20-4(a), and N.J.S.A. 2C:5-2. The indictment also charged Rosa[1] and her partner John Arturo Perez-Silva, with first-degree conspiracy to commit money laundering and theft by deception, N.J.S.A. 2C:21-25(b)(2)(a), N.J.S.A. 2C:20-4(a), and N.J.S.A. 2C:5-2; first-degree money laundering, N.J.S.A. 2C:21-25(b)(2)(a) and N.J.S.A. 2C:2-6; and second-degree theft by deception, N.J.S.A. 2C:20-4(a), N.J.S.A. 2C:20-2(b)(l)(a), and N.J.S.A. 2C:2-6.

---

[1] We refer to Rosa by her first name to avoid any confusion caused by the common surname with defendant. No disrespect is intended.

A-3253-21

The charges arose from allegations that Rosa submitted fraudulent tax returns to the State of New Jersey and cashed the refund checks. Specifically, Rosa deposited $89,589 a State tax refund in defendant's name, wired the money to an Ecuadorian account also in defendant's name, and provided defendant with the corresponding paperwork. Defendant admitted that he opened a post office box in his name in care of Select Corporation, one of Rosa's corporations, retrieved State refund checks from this post office box; and derived financial benefits from those checks. Defendant stated that he was "aware" that the refund checks were the results of fictitious and fraudulent tax returns filed with the State of New Jersey.

Defendant was initially represented by a public defender. Thereafter, defendant retained private counsel, who passed away in 2011. Defendant rejected the State's initial plea offer of three years imprisonment. In early March 2008, defendant accepted the State's second offer, agreeing to time served, to make full restitution, and to sign a consent judgment for $89,589.00. Defendant pleaded guilty to third-degree conspiracy to commit money laundering and third-degree theft by deception.

The plea transcript shows defendant utilized the services of a court-appointed interpreter during the plea hearing. During the plea colloquy with the

3

court, defendant testified that he reviewed the plea forms with the interpreter and his attorney, he answered the questions truthfully, he was satisfied with the services of his attorney, and he was not forced to plead guilty. Also on the plea form, Question 17 stated: "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?" Defendant circled "yes" in response to that question. After defendant provided the factual basis for his plea, the court found defendant entered the plea freely and voluntarily and accepted his guilty plea.

On March 31, 2008, defendant was sentenced in accordance with the negotiated plea agreement to 468 days' time served and three years' probation. He was ordered to pay all appropriate fines, penalties, and restitution in the amount of $89,589.00. Defendant also signed a civil consent judgment for $89,589.00. The trial court advised defendant of his right to appeal at the end of the hearing. When asked if he understood his appeal rights, defendant replied: "very clearly, your Honor."

Defendant completed probation in April 2015 and sought asylum. In 2016, defendant also consulted with an immigration attorney. Defendant claimed the immigration attorney told defendant that he could not apply for asylum, but he could seek a change in his immigration status since defendant's

4

crime was non-violent. Subsequently, defendant applied for immigration status which was denied, and he appealed. This initial denial is not included in the record, so the reasons for this denial are unknown.

In 2018, defendant's judgment of conviction was amended to reflect defendant pleaded guilty to the amended charge of third-degree conspiracy to commit money laundering and theft by deception and not first-degree conspiracy. Defendant's appeal of the denial of immigration status was denied in December 2018 based on the 2008 conviction. He claimed it was not until that point he realized defense counsel misadvised him concerning the potential ramifications of his guilty plea.

In August 2019, defendant filed a PCR petition asserting an ineffective assistance of counsel claim. He claimed defense counsel failed to investigate, defend, and prepare his case. Defendant further claimed defense counsel "incorrectly" explained the immigration consequences of his guilty plea.

Following an evidentiary hearing on May 26, 2022, Judge Adam Hughes denied defendant's PCR petition in a written decision and an order. At the outset, the PCR court concluded defendant's PCR petition was time-barred under Rule 3:22-12(a)(1) because he filed his petition eleven years after his conviction and failed to establish excusable neglect for his untimely filing. The court

further concluded that defendant also failed to establish a prima facie claim of ineffective assistance of counsel. This appeal followed.

## II.

On appeal, defendant presents a single argument for our consideration:

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING APPELLANT'S PETITION FOR POST CONVICTION RELIEF.

We affirm substantially for the reasons set forth in Judge Hughes's cogent written opinion, which addressed the procedural deficiencies and merits of defendant's PCR petition. We add the following comments.

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 420 (2004). The de novo standard of review also applies to mixed questions of fact and law. Ibid. (citing McCandless v. Vaughn, 172 F.3d 255, 265 (3d Cir. 1999)).

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576, (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). Post-conviction relief provides "a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'" State v.

<u>Nash</u>, 212 N.J. 518, 540 (2013) (quoting <u>State v. McQuaid</u>, 147 N.J. 464, 482 (1997)).  A petition for post-conviction relief is not a substitute for a direct appeal.  <u>State v. Mitchell</u>, 126 N.J. 565, 583 (1992).

Rule 3:22-12 prescribes the time limitations for filing a first PCR petition. Generally, the rule provides that "no petition shall be filed . . . more than [five] years after the date of the entry . . . of the judgment of conviction that is being challenged."  <u>R.</u> 3:22-12(a)(1).  The five-year time limitation of <u>Rule</u> 3:22-12 runs from the date of the conviction or sentencing, whichever the defendant is challenging.  <u>State v. Milne</u>, 178 N.J. 486, 491 (2004); <u>State v. Goodwin</u>, 173 N.J. 583, 594 (2002).

This time bar may be relaxed if the PCR petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true[,] enforcement of the time bar would result in a fundamental injustice."  <u>R.</u> 3:22-12(a)(1)(A).  To establish excusable neglect, a defendant must provide more than "a plausible explanation for a failure to file a timely PCR petition."  <u>State v. Norman</u>, 405 N.J. Super. 149, 159 (App. Div. 2009).  "To determine whether a defendant has asserted a sufficient basis for relaxing the <u>Rule's</u> time restraints, we 'should consider the extent and cause of

A-3253-21

the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an "injustice" sufficient to relax the time limits.'" Ibid. (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). A "defendant cannot assert excusable neglect simply because he received inaccurate deportation advice from his defense counsel." State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013).

Here, defendant's PCR petition based on claims of ineffective assistance of counsel is time-barred. Defendant was convicted and sentenced in 2008 and did not file his petition until 2019, eleven years later. Therefore, defendant's PCR petition is well beyond the prescribed five-year filing deadline. To overcome this time bar, defendant must show excusable neglect for each of his ineffective assistance of counsel claims.

Based on the record, we are persuaded defendant failed to establish excusable neglect under Rule 3:22-12(a)(1)(A). First, defendant failed to establish excusable neglect for his ineffective assistance of counsel claim based on defense counsel's "incorrect" immigration advice. We agree with the PCR court that defendant offers nothing more than a bare assertion. Question 17 on defendant's plea form placed him on notice in 2008 that his guilty plea could potentially affect his immigration status. Moreover, at the time of defendant's

conviction in 2008, neither the trial court nor defense counsel was required to explicitly explain the immigration consequences of a guilty plea to defendant. See Padilla v. Kentucky, 559 U.S. 356 (2010); State v. Gaitan, 209 N.J. 339, 367, 371 (2012) (concluding Padilla is precedent in New Jersey but does not apply retroactively).

Rule 3:22-4(a)(2) permits the court to hear an otherwise barred claim if "enforcement of the bar . . . would result in fundamental injustice . . . ." We are satisfied the PCR judge properly weighed "the extent of the delay," "the purposes advanced by the five-year rule," "the nature of defendant's claim[,] and the potential harm . . . realized" by defendant. See State v. Murray, 162 N.J. 240, 251 (2000). The judge also considered the "cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Norman, 405 N.J. Super. at 159. Even though defendant consulted an immigration attorney in 2016, he did not file the PCR petition until 2019. As correctly noted by the judge, the delay precluded him from the one-year exception pursuant to Rule 3:22-12(a)(2).

We conclude defendant's PCR petition is time-barred because he had no vested right for his significant delay in filing his PCR petition. Accordingly, we

do not need to address the substance of his ineffective assistance of counsel claims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3253-21